UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JUANITA STOCKARD; an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST PREMIER BANK, a foreign corporation; and DOES 1 to 10, inclusive, Defendant(s). | Case No.: 8:15cv1838T36JSS<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR:<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]<br><br>2. FLORIDA CONSUMER COLLECTION PRACTICES ACT [FLA. STAT.§§ 559.55-559.785) |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. JUANITA STOCKARD ("Plaintiff") brings this action against FIRST PREMIER BANK ("Defendant") for violations of the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT.§§ 559.55-559.785 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The FCCPA prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").



## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is an individual residing in Port Richey, Florida and in this Judicial District.

5. Defendant is a national consumer lending association whose principal purpose includes collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Florida.

6. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred.

8. Upon information and belief, alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9. At all times relevant to this action, Plaintiff owned, operated and/or controlled the cellular telephone number ending in 4022, the number Defendant is placed its automated collection calls to.

10. Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number.

11. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly, often calling upwards of five (5) or more times a day, nearly every day.

12. On or about January 13, 2015 and January 20, 2015, Plaintiff faxed Defendant written correspondence that Plaintiff did not have the funds to make a payment and demanded that Defendant cease placing any more such collection calls to Plaintiff's telephone. Around the same time, on January 31, 2015, Plaintiff also answered one of Defendant's calls and reiterated her demand that Defendant stop calling her on her cellular telephone.

13. Despite this, Defendant continued to place its automated calls to Plaintiff's cellular telephone seeking to collect the debt. Plaintiff is informed, believes and thereon alleges that Defendant has placed approximately sixty (60) automated collection calls to her cellular telephone despite being put on written and verbal notice that Plaintiff demanded a cease to such calls.

14. At all times relevant to this action, while conducting business in Florida, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

15. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

16. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

17. Plaintiff revoked her consent for Defendant to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

18. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff demanded that Defendant cease calling Plaintiff on Plaintiff's cellular telephone.

19. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

20. Defendant is not a tax exempt nonprofit organization.

21. Defendant's violation of the TCPA was willful.

22. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff approximately one hundred and fifty (150) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" in violation of the TCPA.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

25. As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

26. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

29. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

30. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (Violations of the Florida Consumer Collection Practices Act, FLA. STAT. §§ 559.55—559.785)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32 Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated FLA. STAT. § 559.72(7) by willfully communicating with a debtor or any member of his or her family with such frequency as can reasonably be expected to harass a debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass a debtor or any member of her or his family.

33. Defendant's conduct as detailed above were done willfully, for the purpose of
harassing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the FCCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Actual damages pursuant to FLA. STAT. § 559.77(2) and 47 U.S.C. § 227(b)(3)(B); and

(d) Statutory damages pursuant to FLA. STAT. § 559.77(2); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitles to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney fees pursuant to FLA. STAT. § 559.77(2); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)        For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: August 4, 2015

By: _____
Benjamin H. Crumley, Esq.
Florida Bar No.: 18284
Crumley & Wolfe, P.A.
2254 Riverside Ave.
Jacksonville, FL 32204-4620
Telephone: (904) 374-0111
Facsimile: (904) 374-0113
Email: ben@cwbfl.com
*Attorney for Plaintiff,*
*Juanita Stockard*